

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 01829**

-----------------------------------------------------X Civil Case No.:

SHERILLE ASHMEADE

                  Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,

                  Defendants.

-----------------------------------------------------

: **COMPLAINT**

: **PLAINTIFF DEMANDS A TRIAL BY JURY**



RECEIVED
FEB 2 2 2008
U.S.D.C. S.D. N.Y.
CASHIER

Sherille Ashmeade ("Ashmeade" or "Plaintiff), by and through her attorneys, The Law Office of Borrelli & Associates P.L.L.C., complaining of Defendant The New York and Presbyterian Hospital ("NYPH" or "Defendant") respectfully alleges, upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy discrimination on the basis of race/color, race/color plus gender and retaliation in the terms, conditions, and privileges of employment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et seq.* ("Title VII"); the New York Executive Law §290, *et seq.* ("NYSHRL"); the Administrative Code of the City of New York, § 8-801 *et seq.* ("NYCHRL"); the Civil Rights Act of 1871, 42 U.S.C. § 1981; intentional infliction of emotional distress; and any other cause of action that can be inferred from the facts set forth herein.

2. Defendant's actions were unlawful and Plaintiff brings this action for injunctive and declaratory relief, compensatory damages, attorneys' fees, and other appropriate equitable and legal relief.

## JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1367, and 2201, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; and the New York State Human Rights Law, New York Executive Law §290, *et seq.* The supplemental jurisdiction of the Court (28 U.S.C. §1367) is invoked over all state and local law causes of action.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## CONDITIONS PRECEDENT

5. Plaintiff filed a timely charge of discrimination based on race/color against Defendants with the New York State Division of Human Rights ("SDHR"), SDHR Charge No. 10112171, Equal Employment Opportunity Commission ("EEOC") Charge No. 16G-2006-03367 on or about June 8, 2006, complaining of the acts of discrimination alleged herein within 300 days of the acts of which she complains.

6. On or about November 27, 2007, the SDHR issued a probable cause determination on behalf of Plaintiff. Plaintiff subsequently requested a dismissal for administrative convenience from the SDHR and the right to sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue, informing her of her right to sue Defendant in federal court on November 27, 2007. A copy of the Notice of Right to Sue is annexed hereto and made a part hereof as Exhibit "A."

7. Plaintiff also filed a timely charge of discrimination based on retaliation against Defendants with the EEOC on or about July 2, 2007, EEOC Charge No. 520-2007-03684 complaining of the acts of discrimination alleged herein within 300

2. Defendant's actions were unlawful and Plaintiff brings this action for injunctive and declaratory relief, compensatory damages, attorneys' fees, and other appropriate equitable and legal relief.

## JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1367, and 2201, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*; and the New York State Human Rights Law, New York Executive Law §290, *et seq.* The supplemental jurisdiction of the Court (28 U.S.C. §1367) is invoked over all state and local law causes of action.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## CONDITIONS PRECEDENT

5. Plaintiff filed a timely charge of discrimination based on race/color against Defendants with the New York State Division of Human Rights ("SDHR"), SDHR Charge No. 10112171, Equal Employment Opportunity Commission ("EEOC") Charge No. 16G-2006-03367 on or about June 8, 2006, complaining of the acts of discrimination alleged herein within 300 days of the acts of which she complains.

6. On or about November 27, 2007, the SDHR issued a probable cause determination on behalf of Plaintiff. Plaintiff subsequently requested a dismissal for administrative convenience from the SDHR and the right to sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue, informing her of her right to sue Defendant in federal court on November 27, 2007. A copy of the Notice of Right to Sue is annexed hereto and made a part hereof as Exhibit "A."

2

## FACTUAL ALLEGATIONS

15. NYPH is a prominent university hospital in New York City, composed of two (2) medical centers, Columbia University Medical Center and the Cornell University Weill Medical Center.

16. The NYPH system includes a variety of outlying hospitals that stretch throughout the five (5) boroughs, Westchester County, Long Island and New Jersey. NYPH is or was recently the largest private employer in New York City.

17. NYPH maintains a Westchester campus at 21 Bloomingdale Road, White Plains, NY 10605.

18. Plaintiff worked at NYPH from on or about July 24, 2000 until she was terminated on January 5, 2007.

19. Initially, NYPH employed Plaintiff as a Secretary Level II in the Plant Operation Department ("POD") under the supervision of Peter Weisner ("Weisner"). Plaintiff worked out of the main POD office.

20. During the course of her employment, there were approximately 35 employees working in the POD.

21. During the course of her employment, Plaintiff was the only African American in the office and the only African American working in the POD.

22. Plaintiff reported to Weisner until on or about August 2005.

23. As a Secretary Level II, Plaintiff's job responsibilities included answering telephones, making work orders, handling accounts receivable and payables, handling petty cash account, scheduling, generating and closing work order tickets for maintenance calls, making photocopies and other general office duties.

4

24. Throughout Plaintiff's tenure at NYPH, she received positive formal job evaluations.

25. Plaintiff was given yearly evaluations beginning in 2000 – 2001. On all but her last evaluation, Plaintiff earned an overall grade of "Meets Standard."

26. On or about May 2005, Defendant renamed Plaintiff's job title to Staff Assistant.

27. As a Staff Assistant, Plaintiff's job responsibilities included all of the duties that she was performing as a Secretary II as well as additional duties.

28. On or about August 2005, Weisner retired.

29. On or about September 2005, Larry Borsinger ("Borsinger"), white male, was named the new Manager at POD. From that point on, Plaintiff worked under Borsinger's direct supervision.

30. During the tenure of her employment with Borsinger as her Manager, Borsinger subjected Plaintiff to a hostile work environment and treated her differently because of her race.

31. During the tenure of her employment with Borsinger as her Manager, Borsinger subjected Plaintiff to a hostile work environment and treated her differently because of her race plus gender.

32. During the tenure of her employment with Borsinger as her Manager, Borsinger took adverse employment actions against her because of her race.

33. During the tenure of her employment with Borsinger as her Manager, Borsinger took adverse employment actions against her because of her race plus gender.

34. During the tenure of her employment with Borsinger as her Manager Borsinger discriminated against Plaintiff on the basis of her race/color and race plus gender

5

by creating a hostile work environment and eventually terminating her employment.

35. During the tenure of her employment with Borsinger as her Manager, Borsinger retaliated against Plaintiff for engaging in the protected activity of complaining about discrimination.

36. Borsinger's discriminatory behavior caused Plaintiff severe emotional distress causing her to take an unpaid leave of absence from work.

37. During the tenure of her employment with Borsinger as her Manager, Borsinger discriminated against Plaintiff and/or retaliated against Plaintiff for engaging in protected activity by insulting her, threatening her, undermining her, unreasonably increasing her workload, ignoring her, screaming at her, verbally abusing her, pointing in her face, mocking her accent, singing to her to "get on the banana boat" and referring to her as "you people."

38. Upon his hire, Borsinger met with white members of the POD staff to familiarize himself with staff, discuss job responsibilities and expectations.    Plaintiff requested a meeting with Borsinger on multiple occasions.  Borsinger refused to meet with Plaintiff on multiple occasions.

39. When Plaintiff eventually met with him, during the meeting, Borsinger referred to Plaintiff as "you people."  Plaintiff asked Borsinger to refrain from referring to her as "you people," but he told her that there was nothing wrong with him saying that.  This was her first interaction with Borsinger.

40. Plaintiff shared the office with two (2) white persons, Tim Lynch, Supervisor ("Lynch") and Jane Osborne, Safety Secretary ("Osborne").   On a daily or near

6

daily basis. Borsinger would walk into the office, intentionally turn his back to Plaintiff and say. "Hello or Good morning" to the two (2) white employees, Lynch and Osborne. Borsinger intentionally turned his back on Plaintiff and completely ignored her presence. When he didn't ignore her presence, he would begrudgingly mumble under his breath and/or smirk sarcastically at the Plaintiff.

41. When other co-workers or white employees greeted Borsinger, he responded in a cordial manner to them.    When Plaintiff greeted him, Borsinger would not respond. mumble or give an unfriendly gesture with a smirk.

42. Borsinger frequently ignored Plaintiff during the workday and communicated to her through e-mails or office stickers that were difficult to read and/or understand. On many occasions. Plaintiff asked Osborne to translate Borsinger's handwriting.

43. At the end of the each day, when Plaintiff specifically said "Good night" to Borsinger. he either did not reply or replied in an insulting sarcastic manner by shaking his shoulder.

44. Borsinger habitually pointed his finger in Plaintiff's face and referred to her as "you people."

45. On or about October 13, 2005, Plaintiff went to the Human Resource Department ("HR") and made a verbal complaint to Sedrick O'Connor, Employee Relations Manager ("O'Connor"). Plaintiff complained of the racial discrimination, hostile work environment and severe and unfair treatment by Borsinger and informed O'Connor of the stress and physical problems it was causing her.

46. On or about October 21, 2005, Plaintiff had a meeting scheduled with Borsinger at approximately 10:00 a.m. At approximately 10:00 a.m., Plaintiff attempted to

7

go to Borsinger's office, but he was busy with two (2) other people who were in his office.    Plaintiff started to complete another work assignment that was previously placed in Plaintiff's box by Borsinger.    Plaintiff completed the assignment within approximately 15 minutes upon which she returned to Borsinger's office to see whether they can proceed with the meeting.    Upon Plaintiff's return, Borsinger intimidated Plaintiff by becoming visibly angry because of Plaintiff's 15-minute delay.    Borsinger began verbally abusing Plaintiff.    Borsinger stated that he would write up Plaintiff for being late to the 10:00 a.m. meeting.    He also stated that she is no "Secretary," that he does not need her to work at POD and that she should look at her ID Badge to see what it said.    Furthermore, Borsinger stated that he would direct Plaintiff's job responsibilities to Lynch.    Plaintiff replied that she is not a "Secretary" and that her work responsibilities are greater.    She also stated that she performs her work efficiently and there is no other reason other her color that she is treated differently than other people and not given similar respect and equal treatment as white employees.

47. Subsequently, on or about October 21, 2005, Plaintiff filed a written formal Complaint with HR, specifically given to O'Conner, a copy of which was given to the Manager of HR, Diana David ("David").    Plaintiff complained of the racial discrimination, hostile work environment and severe and unfair treatment by Borsinger and informed O'Connor of the stress and physical problems it was causing her.    Defendant failed to respond to Plaintiff's Complaint or take any actions.

8

48. Borsinger's conduct towards Plaintiff worsened after she filed the Complaint with HR. Borsinger purposefully acted to intimidate and humiliate the Plaintiff by failing to cooperate with her in completing tasks, and on or about October 24, 2005 by screaming at her frequently banging on his desk and slamming doors in her face.

49. On or about November 10, 2005, Plaintiff contacted the Director for General Services, Dough McGrath ("McGrath") and O'Connor, and verbally complained about Borsinger's offensive conduct and language towards her, and requested a meeting with them. McGrath and O'Connor failed to respond to Plaintiff's meeting request.

50. On or about January 17, 2006 Borsinger would walk over to Plaintiff's desk and gesture as if he was writing in the air and then erasing it. This behavior was continuous. severe and pervasive.

51. From on or about January 2006, Borsinger walked around the office or in the area where Plaintiff was and would either sing or whistle a tune that refrained "Get on the boat, the banana boat," a clear and despicable reference to Plaintiff's race.

52. On or about March 29, 2006, Plaintiff received an unsatisfactory evaluation in the first and only evaluation given by Borsinger. Borsinger marked many categories with an NI rating and gave Plaintiff an overall rating of NI. This was the first sub-satisfactory evaluation she received during her employment with Defendant.

53. On or about March 31, 2006, Plaintiff met with Borsinger and Lynch to discuss Plaintiff's evaluation.

54. During the meeting, Plaintiff indicated that she was dissatisfied with the unsatisfactory work evaluation received from Borsinger. She also referred to the errors made by Borsinger on the evaluation with respect to alleged attendance and lateness issues. Borsinger ignored Plaintiff, thus failing and refusing to correct the said errors.

55. After each of her satisfactory evaluations, Plaintiff received a salary increase of approximately 3% - 4%. As a result of the unsatisfactory evaluation given by Borsinger. Plaintiff was denied a salary increase.

56. Plaintiff had a planned vacation scheduled for April 17 to April 21, 2006. On or about April 14, 2006, although Borsinger knew of Plaintiff's vacation schedule, he directed her to undertake Lynch's job responsibilities because of his transfer to another NYPH location in New York City. Plaintiff was overwhelmed by the multitude of new responsibilities that she had to comprehend within one (1) day right before her vacation. Defendant failed to give Plaintiff reasonable notice of her new added job responsibilities. Borsinger actions were intentional and deliberate to cause Plaintiff stress and to negatively impact her job performance.

57. On or about April 14, 2006, Plaintiff met with Medical Director, Virginia Susman ("Susman") and verbally complained about Borsinger's offensive, hostile and discriminatory actions towards her. She also stated that she had already filed formal written Complains with HR, but HR failed to respond to her allegations. Susman stated that she was not informed about Plaintiff's work difficulties with Borsinger and that she would look into the allegations. She never got back to Plaintiff.

10

58. On or about April 27, 2006, Plaintiff emailed O'Connor to complain again about the continuing harassment and discrimination that Plaintiff experienced under Borsinger's supervision.

59. On or about April 28, 2007, Plaintiff begged O'Connor to do anything in his power to transfer her out of POD. There were vacant positions available at that time. O'Conner failed to respond to Plaintiff's request.

60. On May 1, 2006, Plaintiff sent a second letter via e-mail to O'Connor complaining about the discriminatory and unfair treatment from Borsinger and requested a transfer from POD. HR and O'Connor failed to respond to Plaintiff's request despite open positions being available. On or about May 2006, Plaintiff met with O'Connor to again complain to him about Borsinger behavior towards her. O'Connor told her that he already spoke to Borsinger and that the company will not terminate him to please her because NYPH likes the job he is doing. O'Connor told Plaintiff to find a job some place else.

61. On or about May 2006, Plaintiff received a Work Improvement Plan ("WIP") letter dated May 2, 2006 from Defendant. The letter states that WIP would assist Plaintiff to improve her work performance to an acceptable level. The WIP letter contradicts Plaintiff's past good work performance and indicates biased, or otherwise improper determination of Plaintiff's work.

62. On or about May 4, 2006, Plaintiff had to leave work earlier to attend a doctor's appointment.    Plaintiff met with Dr. Robert Sheldon ("Sheldon").    Sheldon prescribed a notice of a leave of absence based on the alleged work-related stress and symptoms of depression for approximately six (6) to eight (8) weeks. For the

11

said time Plaintiff was under the doctor's observations. diagnosis, treatment, and progress of Plaintiff.

63. On or about June 8, 2006, Plaintiff's filed her complaint alleging employment discrimination based on race/color with the SDHR.

64. On or about July 5. 2006, Plaintiff returned to work.

65. On or about July 2006, Plaintiff contacted David via e-mail and requested a transfer from POD because of racial harassment and discrimination by Borsinger.

66. Plaintiff was denied a transfer despite open available positions.

67. Upon returning to work on or about July 5, 2006, Plaintiff met with Borsinger, who expressed his anger over Plaintiff filing the SDHR Complaint.

68. As a result of Plaintiff filing the Complaint with SDHR, Borsinger's treatment towards Plaintiff worsened.   Borsinger continued his previously harassing behavior and committed such behavior more frequently and more severely.

69. On or about July 7, 2007, Borsinger called Plaintiff in his office closed the door and ask her why she came back because he overheard from an employee that she was not coming back.

70. From on or about July 2007 – January 5, 2007, Borsinger continued his previously harassing behavior and committed such behavior more frequently and more severely.

71. On or about January 5, 2007, Plaintiff was abruptly terminated without warning or explanation. Plaintiff was replaced with a female of a different race.

72. HR Generalist, Barbara Symonette ("Symonette") and Borsinger called her into the office and fired her. Plaintiff asked Borsinger why she was being fired and he

12

told her that he doesn't have to explain anything to her. She then asked Symonette but Borsinger wouldn't let Symonette give her an explanation. Symonette then brought Plaintiff into her office and said that she had nothing to do with Plaintiff's termination, that it was all Borsinger's doing.

73. Subsequent to her termination, Plaintiff applied for unemployment benefits and was granted them.

74. Plaintiff's termination from employment was a merely a pretext for race discrimination and retaliation.

## FIRST CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment under Title VII)

75. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76. Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race.

77. Plaintiff is an African American and as such, is member of a protected class.

78. Plaintiff's termination from employment was a pretext for race discrimination.

79. Defendants discriminated against Plaintiff in violation of Title VII because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race.

80. As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

13

81. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under Title VII and are thereby liable to Plaintiff for compensatory damages under Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## SECOND CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment under the NYSHRL)

82. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83. The New York State Human Rights Law, New York Executive Law §296 prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race.

84. Plaintiff is an African American and as such, is member of a protected class.

85. Plaintiff's termination from employment was a pretext for race discrimination.

86. Defendants discriminated against Plaintiff in violation of the NYSHRL because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race.

87. As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and

14

compensatory damages for, inter alia, mental anguish, emotional distress, humiliation. and loss of reputation.

88. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the New York Human Rights Law and are thereby liable to Plaintiff for compensatory damages under the New York Human Rights Law.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## THIRD CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment under the NYCHRL)

89. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90. The New York City Human Rights Law prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race.

91. Plaintiff is an African American and as such, is member of a protected class.

92. Plaintiff's termination from employment was a pretext for race discrimination.

93. Defendants discriminated against Plaintiff in violation of the NYCHRL because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race.

94. As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and

15

compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

95. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the New York City Human Rights Law and are thereby liable to Plaintiff for compensatory damages under the New York Human Rights Law.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## FOURTH CLAIM AGAINST DEFENDANTS
### (Retaliation in violation of Title VII)

96. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

97. Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by Title VII.

98. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

99. Defendants' actions constitute discrimination and retaliation against Plaintiff in violation of Title VII.

100.   As a proximate cause of Defendants acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

16

101.    Defendants' actions were done with malice and with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## FIFTH CLAIM AGAINST DEFENDANTS
### (Retaliation in Violation of the NYSHRL)

102.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

103.    Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by the NYSHRL.

104.    Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

105.    Defendants' actions constitute discrimination and retaliation against Plaintiff in violation of the NYSHRL.

106.    As a proximate cause of Defendants acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

107.    Defendants' actions were done with malice and with reckless indifference to Plaintiff's protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further

requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## SIXTH CLAIM AGAINST DEFENDANTS
### (Retaliation in Violation of the NYCHRL)

108. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

109. Plaintiff complained to Defendants about the harassment and discrimination she experienced and otherwise opposed practices made unlawful by the NYCHRL.

110. Defendants discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

111. Defendants' actions constitute discrimination and retaliation against Plaintiff in violation of the NYCHRL.

112. As a proximate cause of Defendants acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

113. Defendants' actions were done with malice and with reckless indifference to Plaintiff's protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## SEVENTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender Discrimination and Harassment under Title VII)

114.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

115.    Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race and gender.

116.    Plaintiff is an African American female and as such, is member of a protected class.

117.    Plaintiff's termination from employment was a pretext for race plus gender discrimination.

118.    Defendants discriminated against Plaintiff in violation of Title VII because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race plus gender.

119.    As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

120.    Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under Title VII and are thereby liable to Plaintiff for compensatory damages under Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further

19

requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## EIGHTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender Discrimination and Harassment under the NYSHRL)

121.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

122.    The New York State Human Rights Law, New York Executive Law §296 prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race and gender.

123.    Plaintiff is an African American female and as such, is member of a protected class.

124.    Plaintiff's termination from employment was a pretext for race plus gender discrimination.

125.    Defendants discriminated against Plaintiff in violation of the NYSHRL because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race plus gender.

126.    As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

127.    Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the New York Human Rights Law and are thereby liable to Plaintiff for compensatory damages under the New York Human Rights Law.

WHEREFORE. Plaintiff demands judgment against Defendants for, where applicable. all compensatory. emotional, physical. and punitive damages, lost pay, front pay. injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## NINTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender Discrimination and Harassment under the NYCHRL)

128.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

129.   The New York City Human Rights Law, prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's race and gender.

130.   Plaintiff is an African American female and as such, is member of a protected class.

131.   Plaintiff's termination from employment was a pretext for race plus gender discrimination.

132.   Defendants discriminated against Plaintiff in violation of the NYCHRL because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race plus gender.

133.   As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress. humiliation, and loss of reputation.

21

134.    Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the New York City Human Rights Law and are thereby liable to Plaintiff for compensatory damages under the New York Human Rights Law.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## TENTH CLAIM AGAINST DEFENDANTS
### (Intentional Infliction of Emotional Distress)

135. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

136. Defendants, by the actions described herein exhibited extreme and outrageous conduct.

137. In undertaking the aforementioned actions, Defendants intended to cause Plaintiff severe emotional distress.

138. The aforementioned conduct has caused Plaintiff severe emotional distress and mental anguish.

139. As a proximate cause of Defendants acts and omissions, Plaintiff has in the past and will in the future suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further

22

requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## ELEVENTH CLAIM AGAINST DEFENDANTS
### (Violation of 42 U.S.C. Section 1981)

140.  Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

141.  Plaintiff is an African American and as such, is member of a protected class.

142.  Plaintiff's termination from employment was a pretext for race discrimination.

143.  Defendants discriminated against Plaintiff in violation of Section 1981 because Plaintiff was denied a transfer(s), promotion(s) and was subject to a hostile work environment on the basis of her race.

144.  As a result of Defendants discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress, humiliation, and loss of reputation.

145.  Defendants acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

146.  Defendants by their discriminatory and retaliatory conduct as outlined above violate the Thirteenth Amendment to the Constitution as protected by 42 U.S.C. § 1981.

147.  As a proximate cause of Defendants acts and omissions, Plaintiff has in the past and will in the future suffer damages.

23

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Carle Place, New York
      February 21, 2008

Respectfully Submitted,

The Law Office of
BORRELLI & ASSOCIATES, P.L.L.C.

By: _____

MICHAEL J. BORRELLI (MB 8533)
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel. (516) 248-5550
Fax. (516) 248-6027

24

U.S. |    AL **EMPLOYMENT OPPORTUNITY COMM**    ON

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Sherille Ashmeade                                  From:  New York District Office
2325 Bronxwood Avenue                                          33 Whitehall Street
Bronx, NY 10469                                                5th Floor
New York, NY 10004

[ X ]   *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | John B. Douglass, | |
| 16G-2006-03367/10112171-3 | Supervisory Investigator | (212) 336-3765 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[  ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]   The EEOC is terminating its processing of this charge.

[  ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[  ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**Director**

11/27/07
*(Date Mailed)*

cc:   **NEW YORK PRESBYTERIAN HOSPITAL WEST**        Borrelli & Associates, P.L.L.C.
      **21 Bloomingdale Road**                        One Old Country Road
      **White Plains, NY 10605**                      Suite 347
                                                       Carle Place, NY 11514

Ex.
A

EEOC Form 161-B (3/98)

U.S. [  ] AL EMPLOYMENT OPPORTUNITY COMMI[ ] JN

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Sherille Ashmeade<br>2325 Bronxwood Avenue<br>Bronx, NY 10469 | From: | New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[  ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-03684 | John B. Douglass,<br>Supervisory Investigator | (212) 336-3765 |

(See also the additional information enclosed with this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[  ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[  ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[  ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

1 | 03 | 08
(Date Mailed)

cc: NY PRESBYTERIAN HOSPITAL
Director Of Personnel/Legal Dept.
21 Bloomingdale Road
White Plains, NY 10605

Michael J. Borrelli, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514

Ex
B