James S. Frank, Esq. (JF 5389)
Robyn Ruderman, Esq. (RR 6891)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant
THE NEW YORK AND
PRESBYTERIAN HOSPITAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
SHERILLE ASHMEADE                        :       ECF CASE
                    Plaintiff,           :
                                         :       08-CV-01829
            - against -                  :       (Hellerstein, J)
                                         :
THE NEW YORK AND PRESBYTERIAN HOSPITAL   :       **ANSWER TO COMPLAINT**
                                         :
                                         :
                    Defendant.           :
---------------------------------------- x

Defendant, The New York and Presbyterian Hospital (the "Hospital"), by and through its attorneys, Epstein Becker & Green, P.C., answers Plaintiff Sherille Ashmeade's (hereinafter "Plaintiff") Complaint as follows:

### NATURE OF THE ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Denies the allegations in Paragraph 2 of the Complaint.

## JURISDICTION

3. Denies that the allegations in Paragraph 3 of the Complaint constitute a proper pleading requiring a response, except admits that the Court has jurisdiction over the enumerated federal statutes.

4. Denies that the allegations in Paragraph 4 of the Complaint constitute a proper pleading requiring a response, except admits that venue is proper.

## CONDITIONS PRECEDENT

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and respectfully refers the Court to Exhibit A of the Complaint for the Notice of Right to Sue.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and respectfully refers the Court to Exhibit B of the Complaint for the Notice of Right to Sue.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

## PARTIES

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, except admits that Plaintiff is a female, and admits that on information and belief, Plaintiff appears to be African American.

12. Denies that the allegations in Paragraph 12 of the Complaint constitute a proper pleading requiring a response, except admits that Plaintiff was an employee of the Hospital.

13. Admits the allegations in Paragraph 13 of the Complaint.

14. Admits the allegations in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint.

17. Admits the allegations in Paragraph 17 of the Complaint.

18. Admits the allegations in Paragraph 18 of the Complaint.

19. Denies the allegations in Paragraph 19 of the Complaint, except admits that Plaintiff was hired as a Secretary Level II, and avers that Plaintiff worked at the Hospital's Westchester Campus Plant Operation Department ("POD") located at 21 Bloomingdale Road, White Plains, New York 10605 (hereinafter referred to as the Westchester Campus).

20. Denies the allegations in Paragraph 20 of the Complaint.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint, except admits that Peter Weisner was Plaintiff's immediate supervisor.

23. Admits the allegations in Paragraph 23 of the Complaint, but avers that Plaintiff job responsibilities were not limited to those specified in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint.

25. Admits the allegations in Paragraph 25 of the Complaint.

26. Denies the allegations in Paragraph 26 of the Complaint.

27. Denies the allegations in Paragraph 27 of the Complaint.

28. Admits the allegations in Paragraph 28 of the Complaint.

29. Admits the allegations in Paragraph 29 of the Complaint, but avers that Borsinger was the Manager of the POD at the Westchester Campus.

30. Denies the allegation in Paragraph 30 of the Complaint.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint.

36. Denies the allegations in Paragraph 36 of the Complaint.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint, except admits that Plaintiff went to the Human Resources Department and met with Sedrick O'Connor.

46. Denies the allegations in Paragraph 46 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff started and or completed another work assignment, and admits that Plaintiff was late to a meeting scheduled with Borsinger.

47. Denies the allegations in Paragraph 47 of the Complaint, except admits that Plaintiff delivered a written complaint to the Human Resources Department, and respectfully refers the Court to the content of the document.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint, except admits that in November 2005, Plaintiff spoke with McGrath and Borsinger.

50. Denies the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint, except admits that in March 2006, Plaintiff received an unsatisfactory evaluation, and that Borsinger marked many of the categories with an NI rating, and gave Plaintiff an overall rating of NI.

53. Admits the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

55. Denies the allegations in Paragraph 55 of the Complaint, except admits that Plaintiff was not given a salary increase as a result of her unsatisfactory evaluation.

56. Denies the allegations in Paragraph 56 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Plaintiff had planned a vacation.

57. Denies the allegations in Paragraph 57 of the Complaint.

58. Denies the allegations in Paragraph 58 of the Complaint.

59. Denies the allegations in Paragraph 59 of the Complaint.

60. Denies the allegations in Paragraph 60 of the Complaint.

61. Denies the allegations in Paragraph 61 of the Complaint, except admits that in May 2006, Plaintiff was placed on a Work Improvement Plan to improve her work performance to an acceptable level.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64. Admits the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations in Paragraph 65 of the Complaint.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint.

68. Denies the allegations in Paragraph 68 of the Complaint.

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Denies the allegations in Paragraph 70 of the Complaint.

71. Denies the allegations in Paragraph 71 of the Complaint.

72. Denies the allegations in Paragraph 72 of the Complaint, except admits that Barbara Symonette and Borsinger met with Plaintiff and terminated her employment.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74. Denies the allegations in Paragraph 74 of the Complaint.

## ANSWER TO FIRST CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment Under Title VII)

75. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

76. Denies that the allegations in Paragraph 76 of the Complaint constitute a proper pleading requiring a response.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

78. Denies the allegations set forth in Paragraph 78 of the Complaint.

79. Denies the allegations set forth in Paragraph 79 of the Complaint.

80. Denies the allegations set forth in Paragraph 80 of the Complaint.

81. Denies the allegations set forth in Paragraph 81 of the Complaint.

82. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## ANSWER TO SECOND CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment Under NYSHRL)

83. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

84. Denies that the allegations in Paragraph 83 of the Complaint constitute a proper pleading requiring a response.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

86. Denies the allegations set forth in Paragraph 85 of the Complaint.

87. Denies the allegations set forth in Paragraph 86 of the Complaint.

88. Denies the allegations set forth in Paragraph 87 of the Complaint.

89. Denies the allegations set forth in Paragraph 88 of the Complaint.

90. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## ANSWER TO THIRD CLAIM AGAINST DEFENDANTS
### (Race Discrimination and Harassment Under NYCHRL)

91. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

92. Denies that the allegations in Paragraph 90 of the Complaint constitute a proper pleading requiring a response.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

94. Denies the allegations set forth in Paragraph 92 of the Complaint.

95. Denies the allegations set forth in Paragraph 93 of the Complaint.

96. Denies the allegations set forth in Paragraph 94 of the Complaint.

97. Denies the allegations set forth in Paragraph 95 of the Complaint.

98. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

### ANSWER TO FOURTH CLAIM AGAINST DEFENDANTS
### (Retaliation in violation of Title VII)

99. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

100. Denies the allegations set forth in Paragraph 97 of the Complaint.

101. Denies the allegations set forth in Paragraph 98 of the Complaint.

102. Denies the allegations set forth in Paragraph 99 of the Complaint.

103. Denies the allegations set forth in Paragraph 100 of the Complaint.

104. Denies the allegations set forth in Paragraph 101 of the Complaint.

105. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

### ANSWER TO FIFTH CLAIM AGAINST DEFENDANTS
### (Retaliation in violation of the NYSHRL)

106. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

107. Denies the allegations set forth in Paragraph 103 of the Complaint.

108. Denies the allegations set forth in Paragraph 104 of the Complaint.

109. Denies the allegations set forth in Paragraph 105 of the Complaint.

110. Denies the allegations set forth in Paragraph 106 of the Complaint.

111. Denies the allegations set forth in Paragraph 107 of the Complaint.

112. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

### ANSWER TO SIXTH CLAIM AGAINST DEFENDANTS
### (Retaliation in Violation of the NYCHRL)

113. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

114. Denies the allegations set forth in Paragraph 109 of the Complaint.

115. Denies the allegations set forth in Paragraph 110 of the Complaint.

116. Denies the allegations set forth in Paragraph 111 of the Complaint.

117. Denies the allegations set forth in Paragraph 112 of the Complaint.

118. Denies the allegations set forth in Paragraph 113 of the Complaint.

119. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## ANSWER TO SEVENTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender Discrimination and Harassment Under Title VII)

120. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

121. Denies that the allegations in Paragraph 115 of the Complaint constitute a proper pleading requiring a response.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

123. Denies the allegations set forth in Paragraph 117 of the Complaint.

124. Denies the allegations set forth in Paragraph 118 of the Complaint.

125. Denies the allegations set forth in Paragraph 119 of the Complaint.

126. Denies the allegations set forth in Paragraph 120 of the Complaint.

127. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## ANSWER TO EIGHTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender and Harassment Under the NYSHRL)

128. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

129. Denies that the allegations in Paragraph 122 of the Complaint constitute a proper pleading requiring a response.

130. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

131. Denies the allegations set forth in Paragraph 124 of the Complaint.

132. Denies the allegations set forth in Paragraph 125 of the Complaint.

133. Denies the allegations set forth in Paragraph 126 of the Complaint.

134. Denies the allegations set forth in Paragraph 127 of the Complaint.

135. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## ANSWER TO NINTH CLAIM AGAINST DEFENDANTS
### (Race Plus Gender Discrimination and Harassment Under the NYCHRL)

136. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

137. Denies that the allegations in Paragraph 129 of the Complaint constitute a proper pleading requiring a response.

138. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

139. Denies the allegations set forth in Paragraph 131 of the Complaint.

140. Denies the allegations set forth in Paragraph 132 of the Complaint.

141. Denies the allegations set forth in Paragraph 133 of the Complaint.

142. Denies the allegations set forth in Paragraph 134 of the Complaint.

143. Denies that Plaintiff is entitled to any of the relief forth in the "WHEREFORE" clause of her Complaint.

### ANSWER TO TENTH CLAIM AGAINST DEFENDANTS
#### (Intentional Infliction of Emotional Distress)

144. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

145. Denies the allegations set forth in Paragraph 136 of the Complaint.

146. Denies the allegations set forth in Paragraph 137 of the Complaint.

147. Denies the allegations set forth in Paragraph 138 of the Complaint.

148. Denies the allegations set forth in Paragraph 139 of the Complaint.

149. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

### ANSWER TO ELEVENTH CLAIMS AGAINST DEFENDANTS
#### (Violation of 42 U.S.C. Section 1981)

150. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

151. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint, except admits that on information and belief, Plaintiff appears to be African American.

152. Denies the allegations set forth in Paragraph 142 of the Complaint.

153. Denies the allegations set forth in Paragraph 143 of the Complaint.

154. Denies the allegations set forth in Paragraph 144 of the Complaint.

155. Denies the allegations set forth in Paragraph 145 of the Complaint.

156. Denies the allegations set forth in Paragraph 146 of the Complaint.

157. Denies the allegations set forth in Paragraph 147 of the Complaint.

158. Denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of her Complaint.

## THE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

159. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

160. Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

161. Plaintiff has not suffered any legally cognizable injury or damage.

### FOURTH AFFIRMATIVE DEFENSE

162. Claims arising under Title VII concerning alleged actions occurring more than 300 days prior to the date Plaintiff filed her Charge with the Equal Employment Opportunity Commission are time barred.

163. Claims arising under the New York State Human Rights Law occurring more than one year prior to the date Plaintiff filed her Charge with the New York State Division of Human Rights are time barred.

164. Claims arising under the New York City Human Rights Law occurring more than one year prior to the date Plaintiff filed her Complaint are time barred.

### FIFTH AFFIRMATIVE DEFENSE

165. Plaintiff's employment with the Hospital was at-will.

### SIXTH AFFIRMATIVE DEFENSE

166. Plaintiff's New York City Human Rights Law claims must be dismissed for her failure to comply with the filing prerequisites of the New York City Administrative Code.

### SEVENTH AFFIRMATIVE DEFENSE

167. Plaintiff has failed to state a claim for the recovery of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

168. Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### NINTH AFFIRMATIVE DEFENSE

169. The Hospital had valid and legitimate reasons for Plaintiff's termination.

### TENTH AFFIRMATIVE DEFENSE

170. At all times relevant to this action, the Hospital acted lawfully and in good faith and without intent to discriminate or retaliate against Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

171. Plaintiff's request for punitive and compensatory damages are capped under 42 § 1981a(b)(3).

### TWELFTH AFFIRMATIVE DEFENSE

172. All claims alleged by Plaintiff beyond claims alleged in her complaints filed with the New York State Division of Human Rights and or the EEOC are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

173. Plaintiff is estopped and barred by her own conduct from recovering any relief.

174. The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

175. The conduct alleged in the Complaint against the Hospital was not the proximate cause of Plaintiff's purported injuries or damages as alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

176. Plaintiff's claims under the New York City Human Rights Law are barred because Plaintiff was not employed in the City of New York and the alleged incidents occurred outside of the New York City's jurisdictional limits.

**WHEREFORE**, Defendant The New York and Presbyterian Hospital respectfully requests that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

- 17 -

Dated: New York, New York
      June 13, 2008

                                        EPSTEIN BECKER & GREEN, P.C.

                                        By: _____
                                                James S. Frank (JF 5389)
                                                Robyn Ruderman (RR 6891)
                                        250 Park Avenue
                                        New York, New York 10177-1211
                                        (212) 351-4500
                                        Attorneys for Defendant
                                        The New York and Presbyterian Hospital

To:    Michael J. Borrelli, Esq.
         One Old Country Road, Suite 347
         Carle Place, NY 11514
         New York, NY 10005
         Attorneys for Plaintiff